IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNIVERSITY OF WYOMING,

     Plaintiff,

v.                                  CASE NO.:

STRATEGIC ENVIRONMENTAL
SOLUTIONS, INC,

     Defendant.

_____/

## **COMPLAINT**

     Plaintiff, University of Wyoming ("UW"), by and through the undersigned counsel, hereby sues Strategic Environmental Solutions, Inc. ("SES") and alleges the following:

### **Nature of the Action**

     1.    This is an action for breach of a services contract in which SES was to pay UW to perform certain research activities described more particularly in the Research Agreement attached hereto as Exhibit A ("Contract").  In exchange for UW's performance of the research activities, SES agreed to pay one million six hundred seventy-one thousand twenty-two dollars and no cents ($1,671,022).  UW seeks payment in accordance with the terms of the Contract, prejudgment interest from the date payment was due, the costs of its collection efforts, and the costs associated with the instant litigation.

**Parties**

2.      UW is an institution of higher education of the State of Wyoming located at 1000 East University Avenue, Department 3355, Laramie, Wyoming 82071.  UW, from time to time, provides research services to outside entities such as SES in exchange for payment for those services.  UW was a party to the Contract.

3.      SES is a corporation organized under the laws of the State of Louisiana. While the relevant filings with the Louisiana Secretary of State list Morgan City, Louisiana as SES's principal place of business, the Contract identifies SES as being located at 592 East Kingsfield Road, Cantonment, Florida 32533.  SES is the developer of certain water treatment technologies.  SES was also a party to the Contract.

4.      SES's sole officer is Roy Lee Garrison ("Mr. Garrison"), who is a resident of Cantonment, Florida.  More specifically, Mr. Garrison resides at 592 East Kingsfield Road, Cantonment, Florida 32533.  Mr. Garrison executed the Contract from his residence, identified SES's address as 592 East Kingsfield Road, Cantonment, Florida 32533 in the Contract, and directed all invoices to be sent to the same address.  *See generally, Exhibit A*.

**Jurisdiction and Venue**

5.      This Court has jurisdiction over the subject of this action pursuant to 28 U.S.C. § 1332 based upon the diversity of citizenship of the Parties.

6.      Moreover, in accordance with 28 U.S.C. § 1332, the amount at issue is the remaining, unpaid balance of the Contract, or $1,664,887.04.

7.    Venue is proper in the Pensacola Division of the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 1391(b)(2) because "a substantial part of the events…giving rise to the claim" arose in Escambia County, Florida. The Contract was executed by Mr. Garrison at his residence on behalf of SES, UW communicated with SES via Mr. Garrison at his residence, UW's invoices for services rendered were provided to Mr. Garrison at his residence, and SES's failure to pay emanated from Mr. Garrison's residence in Escambia County, Florida. Further, SES's address in the Contract is identified as 592 East Kingsfield Road, Cantonment, Florida 32533.  *See Exhibit A* (address stated in first sentence of the Contract). Still further, Mr. Garrison was identified in the Contract as the "Sponsor invoice contact" with the address provided being that of his residence.  *See Id*., at Article III.

## **The Contract**

8.    The Contract was a research agreement entered into between UW and SES.

9.    The Contract was executed by Mr. Garrison at his residence in Escambia County, Florida on May 5, 2017.

10.    Pursuant to the Scope of Work identified in the Contract, UW was to "perform for [SES] the research activities described in the Proposal entitled, 'Performance Assessment of Magnetic Assisted Water Treatment Technology: Water Quality Impacts, nAg Disinfection, and the Transformation of Organics in Oil and Gas Produced Waters (Phase 1)…"  *See Exhibit A*, at Article I.

11.     The services identified in the Scope of Work were to be completed on April 30, 2020, "unless an extension, supplement, addition, continuation, or renewal of this agreement is mutually agreed upon in writing between the parties." *Id*. at Article II.

13.     In exchange for the research services outlined in the Scope of Work, SES agreed to pay UW $1,671,022.

14.     On May 4, 2020, Mr. Garrison executed Modification No. 1 to the Contract on behalf of SES. As with the initial Contract, Modification No. 1 was executed from Mr. Garrison's residence in Escambia County, Florida. Modification No. 1 extended the completion date of the Contract identified in Article II from April 30, 2020, to December 31, 2020. *See Exhibit A*, at notary stamp on Modification No. 1.

15.     UW fully performed its obligations under the Contract.

### UW's Attempts to Obtain Payment

16.     On January 8, 2021, Michelle Lorenz ("Ms. Lorenz"), a representative of UW, contacted Mr. Garrison to determine status of payment on all prior invoices related to the Contract.  A copy of the email correspondence from Ms. Lorenz to Mr. Garrison dated January 8, 2021, is attached hereto as Exhibit B.

17.     On the following day, Mr. Garrison indicated there was a delay but that payment would be "sent out early this coming week of [January][1] 11th."  A copy of the

---

[1] It should be noted that the email itself states "July 11th." However, based upon the date of the email and Mr. Garrison's statement that payment would be made "early this coming week," it appears that "July" is a typographical error.

email correspondence from Mr. Garrison to Ms. Lorenz dated January 9, 2021, is attached hereto as Exhibit C.

18.     Subsequently, on February 18, 2021, Ms. Lorenz transmitted to Mr. Garrison the final invoice for payment to UW under the Contract.   A copy of the email correspondence between Ms. Lorenz to Mr. Garrison dated February 18, 2021, and February 19, 2021, is attached hereto as Exhibit D.  Ms. Lorenz indicated that no payments had yet been received on the account "so the amount due is the total cumulative expenditures of $1,659,062.68." *See Exhibit D*.  Ms. Lorenz also requested a status update on payment. *Id*.

19.     In response, Mr. Garrison contacted Mr. Lorenz on February 19, 2021, stating that the timeline for payment was now March 10, 2021. *Id.*

20.     On April 9, 2021, Tabitha Dayton ("Ms. Dayton"), UW's Accounts Receivable Coordinator, again contacted Mr. Garrison about his failure to pay for the services rendered under the Contract.  A copy of the email correspondence between Ms. Dayton to Mr. Garrison dated April 9, 2021, is attached hereto as Exhibit E.

21.     Mr. Garrison again promised payment in response to UW's inquiries when he responded to Mr. Dayton's email later on April 9, 2021. *See Exhibit E*.

22.     UW's Deputy Vice President of Finance, David Jewell ("Mr. Jewell"), then transmitted correspondence and a revised final invoice to Mr. Garrison on April 15, 2021. A copy of the correspondence and Revised Invoice #15F are attached hereto as Exhibit F and G.

23.     Revised Invoice #15F, the final invoice issued under the Contract, is in the amount of $1,664,887.04 and represents the entirety of UW's services under the Contract given SES's failure to make payments in relation to any of the prior invoices.  *See Exhibit G.*

24.     To date, SES has failed to make any payment whatsoever in relation to the services provided by UW under the terms of the Contract despite the contractual obligation to do so and the repeated assurances that payments were forthcoming.

## Causes of Action

### Count 1: Breach of Contract

25.     UW realleges all previous allegations set forth above.

26.     UW and SES entered into a valid and binding contract under the terms of which UW would perform certain research services in exchange for compensation.

27.     UW fully performed its obligations under the Contract and, consequently, sought payment from SES.

28.     SES breached its obligation by failing and/or refusing to remit payment to UW in accordance with the payment provisions of the Contract despite repeated assurances that payment would be rendered.

29.     As a result of SES's breach of contract, UW has been damaged in the amount of $1,664,887.04, exclusive of prejudgment interest, collection efforts, and the costs associated with the instant litigation.

30.     SES is liable to UW for all damages arising out of SES's breach of contract.

**<u>Request for Relief</u>**

WHEREFORE, UW requests the following relief:

1.     That this Court enter an Order determining SES to be in breach of the Contract and award UW a monetary judgment against SES in the amount of $1,664,887.04;

2.     That UW be awarded prejudgment interest from the due date of the invoice, which amount stands at $52,691.22 as of the date of filing the instant suit;

3.     That UW be awarded its costs in relation to the instant litigation, which amount stands at $400.00 as of the date of filing the instant suit.


*/s/ William R. Sickler*
William R. Sickler • FBN 70639
robbie@guildaylaw.com
Mary K. Simpson • FBN 0516848
kay@guildaylaw.com
Secondary:  christineb@guildaylaw.com
Secondary:  beth@guildaylaw.com
Guilday Law, P.A.
1983 Centre Pointe Boulevard, Suite 200
Tallahassee, Florida 32308
(850) 224-7091(Telephone)
(850) 222-2593 (Facsimile)